Filed 8/18/25  P. v. Cordova CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


THE PEOPLE,

    Plaintiff and Respondent,

    v.

JOSHUA CORDOVA,

    Defendant and Appellant.

D084448


(Super. Ct. No. SCE301487)


APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Conditionally affirmed and remanded with directions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Joshua Cordova pleaded guilty to three counts of attempted murder and admitted personally using a firearm on all counts. He also admitted a great bodily injury allegation as to the first count. (Pen. Code,[1] §§ 187, subd. (a) & 664.) The trial court sentenced Cordova to 17 years 8 months in prison. Cordova later filed a form petition for resentencing under section 1172.6. After appointing counsel for Cordova, receiving briefing, and hearing argument, the court denied the petition for failure to state a prima facie case for relief.

On appeal, Cordova argues the trial court erred because it (1) applied the wrong legal standard; and (2) engaged in factfinding at the prima facie stage. As a result, Cordova contends the court should reverse and direct the trial court to issue an order to show cause and hold an evidentiary hearing. According to the People, Cordova is ineligible for relief because he admitted to committing the attempted murder in sworn statements made in the change of plea form and at the plea hearing. Additionally, preliminary hearing testimony revealed he shot at the victims.

We agree with the People that Cordova's record of conviction indicates he is ineligible for relief under section 1172.6. However, in light of the Supreme Court's recent decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and at Cordova's request, we remand the matter to provide Cordova the opportunity to supplement his petition, should he choose to do so. We otherwise conditionally affirm the order denying the petition for resentencing.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

A.    *The Guilty Plea*

In 2010, Cordova and codefendant Juan Barba were involved in an argument with a group of individuals next to a church.  The argument devolved into a fist fight between the codefendants and Anthony N.  When Anthony N. fell, his brother Daniel N. stepped in to help him up.  As the brothers walked away, Daniel N. heard one of the codefendants say, "Fuck it.  Let's dump."  He then heard gunshots.  Daniel N. suffered gunshot wounds to his right shoulder and stomach.  Anthony N. was shot in both the arm and back resulting in paralysis from the chest down.  A passerby, Ilseey A., was struck in the left calf.

Cordova and Barba were charged with three identical counts of attempted murder, relating to Anthony N., Daniel N., and Ilseey A.  (§§ 664 & 187, subd. (a).)  The complaint further alleged both men personally used firearms (§ 12022.5, subd. (a)), committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)); and personally inflicted great bodily injury (§ 12022.7, subd. (a)).

Pursuant to a plea agreement with a stipulated prison sentence of 17 years 8 months, Cordova pleaded guilty to the attempted murder charges, admitted the firearm enhancements as to all three counts, and admitted the great bodily injury enhancement as to the first count.  As a factual basis for the plea, Cordova admitted in a handwritten and signed plea form:  (1) "I unlawfully attempted to kill a human being and inflicted [great bodily injury] and did personally use a firearm"; (2) "I unlawfully attempted to kill a human being, personally use[d] a firearm"; and (3) "I unlawfully attempted to kill a human being and personally used a firearm."

3

At the plea hearing, Cordova was sworn in and testified under penalty of perjury.  After pleading guilty to count one, the trial court asked, "Do you admit that you personally used a firearm in the commission of that offense . . . ?"  Cordova responded, "Yes, Sir."  The court then asked, "Do you also admit that you personally inflicted great bodily injury on Anthony N. . . . ?"  Cordova again responded, "Yes, Sir."  For counts two and three, the court posed the same question regarding personal firearm use, and Cordova gave the same response for each:  "Yes, Sir."

The trial court accepted the plea, granted the People's motion to dismiss the balance of the complaint, and sentenced Cordova to the stipulated prison term.

B.    *Senate Bill No. 1437*

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which abolished liability for murder based on the natural and probable consequences doctrine or imputed malice predicated solely on one's participation in a crime.  (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Senate Bill No. 775 (2021–2022 Reg. Sess.) clarified that relief under what is now section 1172.6 extends to persons convicted of attempted murder or manslaughter.  (Stats. 2021, ch. 551, § 1; *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18.)

Senate Bill No. 1437 also created a procedure for persons convicted of qualifying offenses under the former homicide laws to seek resentencing if they could no longer be convicted under the amended law.  (*Lewis, supra*, 11 Cal.5th at p. 959.)  As relevant here, a petitioner convicted of attempted murder initiates the resentencing process by filing a petition averring (1) a charging document "was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the

4

natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial"; and (3) "[t]he petitioner could not presently be convicted of . . . attempted murder" because of the changes to section 188 or section 189 implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)–(3), (b)(1).)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*), quoting § 1172.6, subd. (c).) The prima facie inquiry is a "limited" one. (*Lewis, supra*, 11 Cal.5th at p. 971.) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid.*)

At the prima facie review stage, "a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 974; see *Strong, supra*, 13 Cal.5th at p. 720 ["factfinding [is] prohibited at the prima facie stage"].) " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971; see *People v. Nguyen* (2024) 103 Cal.App.5th 668, 677 ["In making the prima facie determination, the court may rely on the record of conviction, including the jury instructions and verdict forms."].) In other words, a court should deny a resentencing petition at the prima facie

stage, without issuing an order to show cause, "if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).)

When, as here, "the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' " (*Gaillard, supra*, 99 Cal.App.5th at pp. 1211–1212, quoting *People v. Gallardo* (2017) 4 Cal.5th 120, 136; see *People v. Das* (2023) 96 Cal.App.5th 954, 960 ["The trial court . . . could consider the record of conviction, including the stated factual basis for defendant's guilty plea, in determining whether defendant made a prima facie case for relief."].) It also includes the petitioner's "express admissions at the plea colloquy." (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029 (*Fisher*).)

## C. *The Resentencing Proceedings*

In 2024, Cordova filed a petition for resentencing under section 1172.6. On a preprinted form, Cordova placed checked boxes next to statements averring he met the statutory requirements for resentencing, including statements that he was subject to prosecution and conviction under a now invalid theory of liability, and he could not presently be convicted of attempted murder because of the changes to the state's homicide laws implemented by Senate Bill No. 1437. The trial court found Cordova's petition facially valid, appointed him counsel, and set a hearing for the prima facie inquiry.

The People opposed the petition for resentencing arguing Cordova was ineligible for relief under section 1172.6 because his record of conviction showed he was the direct perpetrator of the attempted murder. The People emphasized that Cordova and the codefendant "were charged with . . .

6

and . . . pled to the same charges and received the same sentence" because they were "*both* direct perpetrators." Notably, they argued Cordova admitted he " 'unlawfully attempted to kill a human being' " and " 'personally used a firearm.' "

In his reply, Cordova argued his record of conviction does not preclude relief. He asserted his admissions alone did not prevent relief, and he potentially could have been charged as an accomplice under the natural and probable consequences doctrine because he was charged alongside a codefendant who may have been the direct perpetrator.

At the prima facie hearing, the trial court found Cordova ineligible for resentencing because his sworn statements in the plea form, including his admission to personally using a firearm and inflicting great bodily injury show "beyond a reasonable doubt that he was a direct perpetrator." The court denied Cordova's petition for resentencing without issuing an order to show cause.

DISCUSSION

A.  *Harmless Error*

Cordova argues the trial court erred by applying the "beyond a reasonable doubt" legal standard and by impermissibly engaging in factfinding at the prima facie stage. Specifically, Cordova objects to the trial court finding "beyond a reasonable doubt that he was a direct perpetrator." In response, the People highlight the court's repeated statements saying, " 'I can't fact find' " and " 'I'm not going to . . . fact find.' "

At the prima facie stage, the trial court determines whether the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law. (*Gaillard, supra*, 99 Cal.App.5th at p. 1211.) It appears the trial court understood the task because it repeatedly explained, "I can't

7

speculate, I can't fact find, all I can do is look at the record." Thus, even if the court erred in stating it was making a finding beyond a reasonable doubt, we conclude doing so was harmless. (See *Lewis, supra*, 11 Cal.5th at p. 974.) If a petitioner is ineligible for section 1172.6 relief, we affirm the court's denial of a petition regardless of its reasoning. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976.) Such is the case here.

B.  *Cordova's record of conviction conclusively establishes his resentencing ineligibility as a matter of law*

Our Supreme Court has explained the "record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) "[T]he record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6]." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234.)

Cordova argues the record of conviction including his admissions that he "unlawfully attempted to kill a human being," that he "personally used a firearm," and caused "great bodily injury" do not render him ineligible because it was "nothing more than a generic plea to attempted murder" which does "not rule out the possibility that [he] was convicted under a theory of imputed malice" or establish that he was the actual perpetrator. Specifically, he asserts the "court should reverse and direct the trial court to issue an order to show cause and hold an evidentiary hearing."

The People contend the record of conviction, including his admissions and testimony from the preliminary hearing, shows he was an actual

perpetrator of the attempted murders.[2]  Specifically, the People argue that although the facts Cordova admitted "were limited, they were still significant" because he specified three times, "I attempted to kill a human being and personally used a firearm."  Moreover, the People maintain that the preliminary hearing testimony establishes that Cordova shot at the victims.  Therefore, the People claim the record of conviction establishes that Cordova is not eligible for resentencing.  We agree with the People.

Here, Cordova admitted he "personally used a firearm" when he "unlawfully attempted to kill a human being" and "inflicted [great bodily injury]" to another.  At the change of plea hearing, the parties stipulated to the preliminary hearing transcript as the factual basis for the plea and to the factual basis on the plea form that states, (1) "I unlawfully attempted to kill a human being and inflicted [great bodily injury] and did personally use a firearm"; (2) "I unlawfully attempted to kill a human being, personally use[d] a firearm"; and (3) "I unlawfully attempted to kill a human being and personally used a firearm."  As the factual basis of his plea, Cordova admitted he was the direct perpetrator of the attempted murder by using the personal pronoun "I."

Cordova's own admissions establish he was a direct perpetrator, which alone bars resentencing.  (*People v. Williams* (2024) 103 Cal.App.5th 375, 405–406 ["In a case where the petitioner has made pertinent admissions regarding his role [in] the offense, courts have not hesitated to uphold denial

---

2     The People's unopposed request for judicial notice of the preliminary hearing transcript is granted.  (Evid. Code, §§ 452, subd. (d), 459; Cal. Rules of Court, rules 8.54, 8.252(a); *Patton, supra*, 17 Cal.5th  at p. 568 ["[T]here is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."].)

of the petition at the prima facie stage."].) These admissions are further supported by his related acknowledgments of the firearm use and great bodily injury enhancements tied to the attempted murder charges. He admitted both allegations on his change of plea form, and witness testimony at the preliminary hearing corroborated those admissions—further confirming his role as the direct perpetrator of the offenses. (See *Patton, supra*, 17 Cal.5th at p. 563 [petitioner's admission to firearm enhancement "tended to corroborate" the preliminary hearing evidence that he directly perpetrated attempted murder].)

The trial court properly considered Cordova's guilty plea as part of the record of conviction. (*Gaillard, supra*, 99 Cal.App.5th at pp. 1211–1212.) We conclude the record of conviction, including testimony from the preliminary hearing and Cordova's sworn statements in the plea form and at the plea hearing, establish he *could* presently be convicted of attempted murder, rendering him ineligible for relief under section 1172.6. (*Fisher, supra*, 95 Cal.App.5th at p. 1029.)

C.     *Remand under Patton*

While this appeal was pending, but before the People and Cordova submitted their reply briefs, the Supreme Court decided *Patton*. (*Patton, supra*, 17 Cal.5th 549.) *Patton* supports our conclusion Cordova is ineligible for section 1172.6 relief; yet, it also prompts us to give Cordova an opportunity to plead "additional facts" to rebut the record of conviction.

In *Patton*, the petitioner pleaded no contest to attempted murder and admitted he personally and intentionally discharged a firearm in the commission of the crime. (*Patton, supra*, 17 Cal.5th at p. 557; § 12022.53, subd. (c).) The petitioner sought resentencing under section 1172.6 by submitting a checkbox-form petition. The People in response argued

10

testimony from the petitioner's preliminary hearing showed he was the direct perpetrator of the attempted murder. (*Patton,* at p. 560.) The petitioner offered no reply. (*Ibid*.) The trial court relied on the unrebutted preliminary hearing transcript to deny relief at the prima facie review stage, and the Court of Appeal affirmed. (*Id.* at p. 570.)

*Patton* concluded a trial court conducting a prima facie review could rely on "unchallenged, relief-foreclosing facts" from a preliminary hearing transcript to refute the petition's "conclusory, checkbox allegations." (*Patton, supra*, 17 Cal.5th at p. 564.) "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not . . . made a prima facie showing." (*Id.* at p. 565.)

As a result, when the record of conviction shows relief under section 1172.6 is unavailable at the prima facie stage—whether it be a preliminary hearing as in *Patton* or sworn statements in a guilty plea form or a plea hearing as in the instant case—petitioners "have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra*, 17 Cal.5th at p. 567.) Because the petitioner offered only conclusory allegations in response to such a record, *Patton* held that the trial court did not engage in impermissible factfinding and correctly found that the petitioner had not made a prima facie showing. (*Id.* at p. 569.) However, because the petitioner in *Patton* requested an opportunity "to plead additional facts on remand" in the case of an affirmance, the court, "out of an abundance of caution," ordered "a remand to the superior court with directions for that court to consider an amended petition should [the

11

petitioner], within 30 days of that remand, seek to file one." (*Id.* at pp. 569–570.)

Like *Patton*, this case involves a petitioner who pleaded guilty to attempted murder and a record of conviction that demonstrates the petitioner's ineligibility for relief. Under *Patton*, Cordova may not rely on conclusory allegations of entitlement to relief in the face of this record of conviction. However, the Supreme Court issued its *Patton* decision after Cordova filed his opening brief. Thus, Cordova did not have the benefit of *Patton*'s guidance, either at the time he filed his resentencing petition or when he filed his opening brief on appeal. Further, Cordova—like the petitioner in *Patton*—has requested an opportunity to file an amended petition should we affirm the denial of his resentencing petition.

Out of an abundance of caution, we grant Cordova's request to remand the matter to the superior court with directions to consider any "additional facts" should Cordova, within 30 days of remand, seek to supplement his petition. (*People v. Glass* (2025) 110 Cal.App.5th 922, 930, citing *Patton, supra*, 17 Cal.5th at pp. 569–570.) We express no opinion on the viability of any additional facts Cordova might allege. (*Id.* at p. 570.)

## DISPOSITION

We remand this matter to the superior court with directions to consider any "additional facts" should Cordova, within 30 days of that remand, seek to supplement his petition.  (*Patton, supra*, 17 Cal.5th at p. 570.)  We otherwise conditionally affirm the order denying his resentencing petition.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.